| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | THE COURT OF COMMON PLEAS |
| ) | |
| ) | 9TH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | |

MARK FULTZ                ) 2018-CP-10-1729
                          )
        Plaintiff,         ) FILE NO.
    vs.                    )
                          )
RIVERVIEW HOSPITALITY, LLC.   ) **SUMMONS**
                          )
        Defendant(s).      )

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Camden, South Carolina

Dated: April 2, 2018.

S/Anthony Brady

Plaintiff/Attorney for Plaintiff

Address:    Anthony J. Brady Jr.
            1670-9 Springdale Drive
            PMB 159
            Camden, South Carolina 29020
            561-603-8387
            Email: ladbrady@gmail.com
            Attorney ID. 15506.

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF CHARLESTON | ) | 9TH JUDICIAL CIRCUIT |
| | ) | |

| | | |
|---|---|---|
| MARK FULTZ | ) CASE NO. | |
| | ) | |
| Plaintiff, | ) Civil Action | |
| vs. | ) | |
| | ) | |
| RIVERVIEW HOSPITALITY, LLC. | ) **COMPLAINT** | |
| | ) | |
| Defendant(s). | ) | |

Plaintiff, Mark Fultz residing at Apt. 106, NW Avenue, Margate, Florida.

by way of complaint against the Defendant states:

1.	This Honorable Court has jurisdiction in that it is a Court of general jurisdiction and the Plaintiff has alleged a violation of federal law Title III of the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. Plaintiffs' claim is greater than $15,000.00 and venue is proper in Charleston County because the cause of action arose in Charleston County and that Defendant resides in Charleston County.

**PARTIES**

2.	Plaintiff, Mark Fultz resides at Apt 106, 231 NW. 76 Avenue, Margate, Florida. He is a disabled man because of a stroke. As a result he cannot walk without a cane or a wheelchair. Fultz qualifies as an individual with disabilities as defined by the federal Americans with Disabilities Act (ADA).

3.	The defendant's own, lease, leases to, or operates a place of public accommodation as

defined by the ADA .The property that is the subject of this suit is a hotel commonly called Holiday Inn Charleston-Riverview. Said hotel is located at 301 Savannah Highway Charleston, Charleston, South Carolina

### STATEMENT OF THE CASE.

This suit is a private action brought by a Plaintiff, who uses a wheelchair as a result of , for injunctive relief under the federal American with Disabilities Act, 42 USC 12182.

It would be wise to review the purposes of the access laws. First, the laws are about opportunity; as former Speaker of the House Gingrich has stated, "Mr. Chairman, throughout our history, our disabled citizens have not been provided the opportunity to participate in all phases of society. Designed to provide 43,000,000 Americans with enhanced opportunities, this bill, then, embodies the conservative idea of opportunity." 136 Cong. Rec. H2631 (daily ed. May 22, 1990) (Statement of Rep. Gingrich).

Second, the law is about the economic wellbeing of America. As former Attorney General Thornburgh testified, "We must recognize that passing comprehensive civil rights legislation protecting persons with disabilities will have direct and tangible benefits for our country. Certainly,…the mainstreaming of persons with disabilities will result…in more persons with disabilities working, in increasing earnings, in less dependence on the Social Security System for financial support, in increased spending on consumer goods, and increased tax revenues." Testimony before House Committee on Civil and Constitutional Rights, Ser No. 101-58, Oct. 11, 1989, p. 811.

Third, the law is to end segregation. As Senator Kennedy stated, "The Americans

With Disabilities Act will end this American apartheid. It will roll back the unthinking and unacceptable practices by which disabled Americans today are segregated, excluded, and fenced off from fair participation in our society by mindless biased attitudes and senseless physical barriers. 35 Cong. Rec. 54993 (daily ed. May 09, 1989) (Statement of Sen. Kennedy).

It is respectfully submitted that Senator Dole's opinion that the access laws are about dignity, "Living independently and with dignity means opportunity to participate fully in every activity of daily life 136 Cong. Rec. S9695 (daily ed. July 13, 1990) (Statement of Sen. Dole).

> privileges of any place of public accommodation. The New Jersey Supreme Court's construction of the statutory definition of a "place of public accommodation" has given its statute a more expansive coverage than most state statutes. In its "exercise of this high power" today, the Court does not accord this "courageous state" the respect it is due. Boy Scouts of America v. Dale, 530 U.S. 640, 663-664 (2000).

Plaintiffs seek an award of injunctive relief attorney fees and costs as a private attorney general. The Courts have explained the role of private enforcement of the access laws The 9th Circuit explained, "For the ADA to yield its promise of equal access for the disabled it may be indeed necessary and desirable for committed individuals to bring serial litigation advocating the time when public accommodations will be compliant with the ADA", D'Lil v. Best Western Encino-Lodge & Suites, 538 F.3d 1031 (9th Cir. 2008).

In Walker v. Guiffre, 200 N.J. 124, 156 (2012) in awarding an enhancement in a state case held, "Her obligation served not her sole interests, but the interests of any and all who had been or who might otherwise in the future have been denied access to the premises. The relief sought, both because it was equitable in nature and because it was designed to serve a broad social purpose weighs in favor of a continuous enhancement at the highest end of the spectrum."

## FIRST COUNT

4. Plaintiff is a frequent traveler to Charleston, South Carolina because his family resides in the area.

5. On November 17, 2017 Fultz was a quest at Defendants' hotel.

6. His ability to use the services of the hotel was impaired because of lack of proper access to him and the disabled as a whole.

7. Specially, the hotel parking does not provide proper parking and routes for the disabled in that it is in that Fultz is a wheelchair user it is more difficult for him to travel from point A to B, therefore he has been discriminated against under the ADA.

8. The route from the parking to the front entrance does not have an accessible route.

9. There are no accessible rooms provided for the disabled. The room provided does not have accessible bathrooms, showers, route and does not have inaccessible fixtures and other public services are not accessible,

11. The above violations are violations of the federal ADA Title III.

12. The discriminatory violations described above are not an exclusive list of the defendants' accessibility problems/violations. Plaintiff requires an inspection to identify all barriers.

14. The plaintiff intends to be a frequent patron of defendants, when it complies with the ADA. He will also return as a tester.

15. Plaintiff seeks equitable relief in that to create access is readily achievable if the above violations are pre-existing construction.

16. Plaintiff reserves the right to file administrative remedies for damages under South Carolina law.

Wherefore, plaintiff Fultz seeks:

a) Injunctive relief under the ADA.

b) Attorney fees and costs of suit under the ADA.

Date: April 4, 2018.                By:   s/Anthony J. Brady, Jr.
                                          ANTHONY J. BRADY, JR., ESQUIRE
                                          South Carolina Bar No.15506
                                          Law Office of Anthony Brady, Jr.
                                          1670-9 Springdale Drive
                                          PMB 159
                                          Camden, South Carolina 29020
                                          Email: ladbrady@gmail.com
                                          561 603 6387



**Holiday Inn**

04-05-18

| | | |
|---|---|---|
| **Mark Fultz**<br>231 Northwest 76 Avnue Apt 106<br>Pompano-Beach FL 33063<br>United States | Folio No.         : 348894       Cashier No.  : 101<br>A/R Number   :<br>Group Code    :<br>Company        :<br>Membership No. : PC    950246309<br>Invoice No.     : | Room No.   : 0516<br>Arrival         : 11-17-17<br>Departure   : 11-18-17<br>Conf. No.    : 66566346<br>Rate Code  : IDME1<br>Page No.    : 1 of 1 |

| Date | Description | | Charges | Credits |
|---|---|---|---|---|
| 11-17-17 | Deposit Transfer at Check-In | ROOM AND TAX | | 234.49 |
| 11-17-17 | *Accommodation | | 159.00 | |
| 11-17-17 | Room Tax | | 22.26 | |
| 11-17-17 | Destination Fee | | 1.00 | |
| 11-18-17 | MasterCard | Credit Back to Guest<br>XXXXXXXXXXXX4145 | | -52.23 |

Thank you for staying with us! Qualifying points for this stay will automatically be credited to your account. Please tell us about your stay by writing a review here - www.ihg.com/reviews. We look forward to welcoming you back soon.

| | Total | 182.26 | 182.26 |
|---|---|---|---|
| | Balance | 0.00 | |

**Guest Signature:** _____

I have received the goods and / or services in the amount shown heron. I agree that my liablity for this bill is not waived and agree to be held personally liable in the event that the indicated person, company, or associate fails to pay for any part or the full amount of these charges. If a credit card charge, I further agree to perform the obligations set forth in the cardholder's agreement with the issuer.

Holiday Inn Charleston Riverview
301 Savannah Highway
Charleston, SC  29407
Telephone: (843) 556-7100   Fax: (843) 556-6176